IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| United States of America<br>    Plaintiffs,<br><br>v.<br><br>Bensalem Township, Pennsylvania,<br>    Defendants. | CIVIL ACTION<br><br><br>NO. 16-3938 |
|---|---|

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                      **November __14__ , 2016**

### I.    Introduction

This is a case brought by the United States Department of Justice, Civil Rights Division to enforce the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5 against Bensalem Township, Pennsylvania. The case arises from the denial of religious group Bensalem Masjid's application for a use variance to build a mosque on a split zoned parcel of property in Bensalem, Pennsylvania. It is related to a case pending before this Court brought by the Bensalem Masjid (Bensalem Masjid, Inc. v. Bensalem Township, 14-cv-6955). The two cases have been consolidated for purposes of discovery.

Currently before the Court is Defendant Bensalem Township's motion to dismiss the United States' complaint in its entirety for failure to join a required party and failure to state a claim.[1]

---

[1] Notably, Defendant filed a similar motion in the private action brought against it by the Bensalem Masjid. This Court issued an opinion granting in part and denying in part that motion in a memorandum opinion issued last year. See Bensalem Masjid, Inc. v. Bensalem Twp., 2015 WL 5611546 (E.D. Pa. Sept. 22, 2015), reconsideration denied, 2015 WL 7295314 (E.D. Pa. Nov. 18, 2015). Many of the facts and legal issues pertinent to this motion were previously addressed by this Court in that opinion. Notably, the United States' complaint contains only

## II.  Factual Background

### A.  Bensalem Zoning Overview

Bensalem Township is a municipality in Bucks County, Pennsylvania, which regulates and restricts the use of land and structures within its borders. ECF 1 at ¶¶ 4, 5. Bensalem has codified zoning districts and uses permitted within those districts in a Code of Ordinances. Id. at ¶ 7. These zoning districts include: (1) the Institutional ("IN") zoning district, (2) the R-A residential zoning district, (3) the R-11 residential zoning district, and (4) the Business Professional ("BP") zoning district. See id. ¶¶ 7-8.

Under the Bensalem Code, religious institutions are permitted only within the district known as the "Institutional District", sometimes called the "IN District." Id. at ¶ 7. There are approximately thirty-five properties within the IN District. Id. Non-religious assembly uses are not limited to the IN District. Id. at ¶ 8. In order to locate outside of the IN District, religious groups must seek zoning relief from Bensalem. Id. at ¶ 7.

An entity which wishes to use a property in Bensalem for a purpose not permitted by the property's zoning district may seek a zoning variance through the Bensalem Township Zoning Hearing Board (the "Board"). Id. at ¶ 9. The Board evaluates variance applications on an individualized, case-by-case basis, assessing whether the "the zoning ordinance inflicts unnecessary hardship upon the applicant." Id. at ¶ 10. To succeed, the applicant must demonstrate that: (1) unique physical characteristics of the property create an unnecessary hardship; (2) the property cannot be developed according to the zoning ordinance; (3) the applicant did not create the hardship; (4) a variance would not alter the essential character of the district, nor impair appropriate use of adjacent properties, nor be detrimental to the public

---

claims analogous to Bensalem Masjid's claims that survived Bensalem Township's motion to dismiss.

welfare; and (5) the variance requested is the minimum variance required to provide relief. Id. According to the United States, in practice, the Board grants zoning variance applications without strictly applying the standard articulated above. Id. at ¶ 13.

### B. Bensalem Masjid Looks for Property in Bensalem

The Bensalem Masjid is a non-profit, Muslim organization based in Bensalem Township. Id. at ¶ 14. The group does not have a Mosque, and there is no Mosque in Bensalem Township. Id. at ¶ 18. The Bensalem Masjid currently holds Friday afternoon worship in a fire hall that is leased by an unaffiliated religious group, Faith Unity. Id. at ¶ 19.

The arrangement causes the Bensalem Masjid's members to violate their religious beliefs in several material respects. Id. at ¶ 20, 21. The fire hall is not a Mosque. Id. at ¶ 21. It is not a deeded property dedicated to God, it is not oriented towards Mecca, is not consecrated, and does not adequately allow for adherence to religious practice. Id. For example, the fire hall does not adequately permit the separation of the sexes during worship, and there are no facilities to perform "wudu," the ablution before prayer. Id. at ¶ 20.

Because these circumstances did not allow its members to fully and adequately practice their religion, the Bensalem Masjid began searching for a location to build a mosque in 2008. Id. at ¶ 23. The Bensalem Masjid looked for an appropriate location for at least five years, but was unable to locate a property in the IN District. Id. Around 2012, the Bensalem Masjid entered into a lease with an option contract to purchase three adjoining properties on Hulmerville Road in Bensalem Township (collectively, the "Subject Property"). Id. at ¶ 24. The Bensalem Masjid intended to build a mosque on the Subject Property. Id. Two portions of the Property are zoned for residential use in R-A and R-11 zoning districts, while the third is zoned in the BP district. Id.

### C. Bensalem Masjid Seeks to Build a Mosque on the Subject Property

Under the Bensalem Code, the Bensalem Masjid was required to seek zoning relief from Bensalem Township in order to use the Subject Property for religious use, as they intended to do. Id. at ¶ 27. In late 2013, after discussions with the Mayor and the Bensalem Township Council regarding the best way to go about seeking approval for its plans, the Bensalem Masjid applied to the Board for a use variance. Id. at ¶ 28. The United States alleges that a use variance application to the Board was a proper mechanism through which to request to use the Subject Property for religious purposes. Id. at 32. Indeed, other religious and nonreligious entities in Bensalem Township have obtained variances through this process. Id. The United States alleges that the Bensalem Masjid qualified for a use variance under the criteria that Bensalem applied to other use variance applications. Id. at ¶ 34. ¶¶ 191-197.

The Board held six public hearings on the Bensalem Masjid's application for a use variance before denying the petition on November 6, 2014. Id. at ¶¶ 33, 40. The Board issued a Decision and Order memorializing the denial on December 5, 2014. Id. at ¶, 40. The United States alleges that although under the Bensalem Code use variance applications for religious and non-religious assemblies are subject to the same qualifying criteria, Bensalem has treated similarly situated use variance applications more favorably in its variance determinations than it treated the Bensalem Masjid's application. Id. at ¶¶ 44, 45.

### III. Legal Standard

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In evaluating a motion to dismiss, the court must view factual allegations in a light most favorable to the plaintiff,

4

drawing all reasonable inferences therefrom.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The United States Supreme Court has established a two-part test to determine whether to grant a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  First, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555; see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  That is, the pleadings must contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 679.  In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible."  Id. at 683; accord Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

**IV.   Discussion**

Bensalem Township asserts two bases for its Motion to Dismiss.  First, Bensalem Township argues that the United States has failed to join a required party, the Bensalem Zoning Hearing Board.[2]  Second, Bensalem Township argues that the United States has failed to state a RLUIPA claim in each of its counts, and seeks dismissal under Rule 12(b)(6).

---

[2] Failure to join a required party as defined by Federal Rule of Civil Procedure 19 is a basis for dismissal under Federal Rule of Civil Procedure 12(b)(7).

A. <u>Failure to Join a Required Party</u>

Bensalem Township argues that because only the Bensalem Zoning Hearing Board, and not the Township itself, can grant zoning variances, the Board is a required party in this action under Rule 19(a)(1)(A). Rule 19(a)(1)(A) states that a party is required when "in that [party's] absence, the court cannot accord complete relief among existing parties." Essentially, Bensalem Township argues that because the Bensalem Masjid sought a zoning variance, and only the Bensalem Zoning Hearing Board has the power to grant a zoning variance, the Board is a required party under Federal Rule of Civil Procedure 19.

The United States counters by arguing that even though Bensalem Township cannot issue zoning variances, this does not mean they do not have the ability to afford relief to the Bensalem Masjid. In support, the United States cites a Southern District of New York case addressing the same issue – whether a municipality's zoning board must be joined in an RLUIPA enforcement action. <u>See</u> <u>Bikur Cholim, Inc. v. Vill. of Suffern</u>, 664 F. Supp. 2d 267 (S.D.N.Y. 2009). In <u>Bikur Cholim</u>, the court held that although the non-party local zoning board had exclusive authority to grant variances, the court would nevertheless be able to effectuate relief under RLUIPA by enjoining the defendant municipality "from enforcing its Zoning Law and requiring it to revise the Zoning Law to comply with RLUIPA and relevant constitutional provisions pursuant to the allegations of the United States' complaint." <u>Bikur Cholim</u>, 664 F. Supp. 2d at 287. Said differently, because the municipality had the authority to enforce and amend the zoning laws, relief was possible under RLUIPA without joining the local zoning board as a defendant. <u>Id.</u>; <u>cf.</u> <u>Hovsons v. Twp of Brick</u>, 89 F.3d 1096 (3d Cir. 1996) (though local zoning board was also a defendant in a FHAA action, by way of relief the Third Circuit enjoined only the township "from interfering with the construction of the nursing home facility").

6

Defendant does not cite any law to the contrary. Indeed, the one case that Defendant mentions – <u>Disabled Rights Action Committee v. Las Vegas Events, Inc.</u>, 375 F.3d 861 (9th Cir. 2004) – does not support its position. In <u>Disabled Rights Action Committee</u>, the Ninth Circuit reversed the district court's holding that an additional party was required to effectuate relief. The Ninth Circuit explained that "the district court entirely failed to consider whether remedies not requiring [the non-party's] cooperation would provide meaningful relief." <u>Disabled Rights Action Comm.</u>, 375 F.3d at 879. That is, if the court can fashion a remedy that provides complete relief and requires only the cooperation of the parties in the case before it, then the absent party is not required to be joined under Rule 19. <u>See</u> <u>id.</u>

Here, the same logic stands. The cooperation of the Bensalem Zoning Hearing Board is not required to effectuate a remedy under RLUIPA. As the United States points out, Defendant has the authority to enforce (or decline to enforce) the zoning ordinances and decisions issued by the Board. In addition, Defendant has the authority to rezone the Subject Property and amend the zoning ordinances at issue. Therefore, the Bensalem Zoning Hearing Board is not a required party under Federal Rule of Civil Procedure 19.

    B.  <u>Failure to State a Claim</u>

Defendant goes on to challenge each of the United States' claims under RLUIPA, arguing that the United States has not sufficiently stated a claim in any of the Counts in the complaint. In support of its Motion, Bensalem Township raises nearly identical arguments as it did in support of its Motion to Dismiss the Bensalem Masjid's RLUIPA claims last year, in addition to rehashing its "ripeness" argument by attempting to re-frame it in different contexts. Like the Bensalem Masjid's claims, the United States' RLUIPA claims are sufficiently pled under Rule 12(b)(6).

### 1. *Count I – RLUIPA Substantial Burden*

The Substantial Burden provision of RLUIPA provides that a government shall not "impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless [the imposition] is in furtherance of a compelling governmental interest; and . . . is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000cc(a) (2015); <u>Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch</u>, 510 F.3d 253, 261 (3d Cir. 2007).

Defendant claims that the United States has failed to state a claim under the Substantial Burden provision of RLUIPA because the Bensalem Masjid did not seek rezoning of the Subject Property from the Township Council, but instead applied only for a use variance. Defendant reasons that the Bensalem Masjid did not follow the proper procedures for objecting to land use restrictions, and therefore the United States cannot claim that the Bensalem Masjid's religious exercise was substantially burdened by the Township's land use restrictions.

The United States argues that this is a re-framing of an argument raised in the Bensalem Masjid's private action – that this dispute was not ripe for adjudication. When addressing Bensalem Township's argument that this dispute was not ripe, this Court previously held that the Bensalem Masjid was not required to seek rezoning to exhaust its administrative remedies, and that a final decision on its use variance application was a final judgment which the Bensalem Masjid could challenge under RLUIPA.

Bensalem Township's argument here is slightly different – that the burden on religious exercise cannot be substantial if there is another avenue through which to seek relief. The cases that Defendant cites involve plaintiffs that show a refusal to engage with the administrative

process, and then go on to bring a RLUIPA challenge. That is not what happened here. According to the United States' Complaint, the Bensalem Masjid fully engaged with the administrative process to obtain zoning relief and build their mosque, undergoing extensive questioning at several rounds of administrative hearings. Further, the United States alleges that seeking a use variance was a proper procedure for obtaining relief under the Bensalem Code, and that the Bensalem Masjid was told to use that procedure after discussions with Township officials. At the very least, these specific allegations raise a factual issue that is not resolvable at this stage.

The United States has plausibly alleged that the denial of the use variance substantially burdened the Bensalem Masjid's religious exercise. See Congregation Kol Ami v. Abington Twp., No. Civ.A. 01-1919, 2004 WL 1837037, at *9 (E.D. Pa. Aug. 17, 2004) (denying summary judgment in a RLUIPA substantial burden case where township denied plaintiff's request for either a variance, a special exception or permission to use the property as an existing non-conforming use). As this Court held previously, in Kol Ami the burden was less than what the United States alleges here: the Kol Ami plaintiffs had other sites available to build a house of worship, whereas the United States alleges there are no other properties in Bensalem for the Bensalem Masjid to use.

Defendant's Motion to Dismiss Count I is denied.

### 2. *Count II – RLUIPA Equal Terms*

In the Third Circuit, "[A] plaintiff asserting a claim under the RLUIPA Equal Terms provision must show (1) it is a religious assembly or institution, (2) subject to a land use regulation, which regulation (3) treats the religious assembly on less than equal terms with (4) a

nonreligious assembly or institution (5) that causes no lesser harm to the interests the regulation seeks to advance." Lighthouse Inst., 510 F.3d at 270.

The United States has stated a claim under the Equal Terms provision of RLUIPA. That is, the United States has identified several permitted uses on the Subject Property that would have much greater land impacts than the Bensalem Masjid's proposed mosque. For example, the zones in which the subject property is located (the R-A, R-11, and BP zones) permit private educational institutions, sanitariums, day care centers, municipal buildings, and colleges and universities. ECF 1 at ¶ 8. To use the Subject Property for any of the aforementioned secular purposes, no variance is required. To use the Subject Property for a religious purpose, the owner must obtain a use variance. As this Court noted last year, this discrepancy in treatment between the permitted secular uses and the Bensalem Masjid's proposed use justifies an Equal Terms claim. See Bensalem Masjid, Inc. v. Bensalem Twp., 2015 WL 5611546 at *5 (E.D. Pa. Sept. 22, 2015) (citing Lighthouse Inst., 510 F.3d at 272 (granting plaintiff's motion for summary judgment on Equal Terms claim where township failed to explain how permitted "assembly hall" would cause less harm to town's ordinance than proposed church)).

Defendant's Motion to Dismiss Count II is denied.

### 3. Count III – RLUIPA Discrimination

RLUIPA's "nondiscrimination" provision provides that, "no government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination." 42 U.S.C.A. § 2000cc(b)(2) (2015). This provision is rooted in Establishment Clause jurisprudence and is intended to prevent governmental bodies from treating groups differently on the basis of their religious denomination. Freedom Baptist Church of Del. Cty. v. Twp. of Middletown, 204 F. Supp. 2d 857, 870 (E.D. Pa. 2002). As is

clear from the language of the statute, this includes disparate treatment in the implementation of zoning regulations. For example, a court in this district held that a RLUIPA nondiscrimination claim could be based on allegations that the plaintiff group faced a more rigorous approval process to obtain a conditional use variance. Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc'y of N. Am. v. Twp. of W. Pikeland, 721 F. Supp. 2d 361, 386 (E.D. Pa. 2010).

The United States' Complaint alleges that the Bensalem Masjid was subjected to a more burdensome variance application process than other groups. ECF 1 at ¶ 44. For example, the United States alleges that the Bensalem Masjid was required to attend six hearings assessing its application, while the majority of other applications were decided in one hearing. Id. In addition, the United States alleges that the Bensalem Masjid was required to provide more information pursuant to its application than other comparator religious groups, including information that was outside the scope of the inquiry. Id. at ¶ 38. These allegations are sufficient to state a claim under RLUIPA's nondiscrimination provision.[3]

Defendant's Motion to Dismiss Count III is denied.

4. *Count IV – RLUIPA Unreasonable Limitations*

Defendant seeks to dismiss the United States' RLUIPA claim under the "unreasonable limitations" clause of the statute. The "unreasonable limitations" clause provides that "no government shall impose or implement a land use restriction that . . . unreasonably limits

---

[3] Bensalem Township raises its "ripeness" argument in the nondiscrimination context by arguing that there are no similarly situated groups to the Bensalem Masjid because they elected to purchase three contiguous plots and chose not to apply for rezoning. In support, Defendant cites cases regarding finality and ripeness. The United States is not required to identify an identical comparator to support its claim for RLUIPA non-discrimination. This Court has previously rejected various versions of this argument, and declines to change its holding here. Bensalem Masjid, Inc. v. Bensalem Twp., 2015 WL 5611546 at *4, *5.

religious assemblies, institutions or structures within a jurisdiction," 42 U.S.C.A. § 2000cc(b)(3)(B) (2015).

The United States alleges that Defendant's zoning plan limiting where religious institutions can locate is unreasonable because houses of worship are only permitted in the IN District, and there were no such parcels for sale in Bensalem during the time period that the Bensalem Masjid was looking. Defendant argues that other groups were able to locate properties within the IN district, and as a result, its zoning regulations cannot be "unreasonable limitations" under RLUIPA. Defendant's arguments are factual in nature and are unavailing. At this stage, this Court must accept the factual allegations in the United States' complaint. The United States sufficiently states an unreasonable limitations RLUIPA claim.

Defendant's Motion to Dismiss Count IV is denied.

### IV. Conclusion

An appropriate order follows.

O:\CIVIL 16\16-3938 US v Bensalem Twp\Memo - Motion to Dismiss.docx